United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-2798

Alice Frisby; Laquestia Frisby,      *

               *

        Appellees,        *

               *

     v.               *

               *

Jim Crow, Individually and in his     *

official capacity as the Sheriff of Ashley   *    Appeal from the United States

County, Arkansas; Greg Sanson,      *    District Court for the

Individually and in his Official Capacity   *    Western District of Arkansas.

as a Deputy Sheriff of Ashley County,    *

Arkansas, and; Randy Padgett,      *    [UNPUBLISHED]

Individually and in his Official Capacity   *

as a Deputy Sheriff of Ashley County,    *

Arkansas,               *

               *

        Appellants.       *

_____

Submitted:  July 21, 1997
Filed:  July 29, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Defendants appeal the district court's[1] denial of qualified immunity in plaintiffs' 42 U.S.C. § 1983 action. We affirm.

Alice Frisby and her daughter, Laquestia Frisby, filed this action against Jim Crow, the Sheriff of Ashley County, Arkansas, and Deputy Sheriffs Greg Sanson and Randy Padgett, in their official and individual capacities. During a search of the Frisbys' residences, defendants Sanson and Padgett seized a small amount of marijuana and drug paraphernalia from Laquestia's residence, prescription drugs belonging to another family member from Alice's residence, and cash from both residences. Both women were arrested and held for five hours; Alice was charged with intent to deliver and unlawful possession of a narcotic drug, but the charges were later dropped. The Frisbys have not challenged the constitutionality of the searches or their arrests. The Frisbys alleged, however, that defendants tampered with the money they seized by contaminating it with drug residue in an effort to confiscate their property and assure their conviction on drug charges. The money has not been returned. The Frisbys claimed that defendants' conduct violated the Fifth and Fourteenth Amendments by depriving them of their liberty, privacy, and property interests without due process.

Defendants moved for summary judgment, arguing they had not violated the Frisbys' constitutional rights, because the money was seized after the officers discovered drugs pursuant to valid search warrants, and the Frisbys had not been injured by the evidence tampering, as the charges against them were dropped. Defendants also argued that they were entitled to qualified immunity. The district court denied summary judgment.

In an appeal from the denial of a motion for summary judgment based on qualified immunity, we have jurisdiction to review, de novo, the abstract issues of law

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

relating to the existence of qualified immunity.  See Sisneros v. Nix, 95 F.3d 749, 753 (8th Cir. 1996) (denial of qualified immunity reviewed de novo); Eagle v. Morgan, 88 F.3d 620, 624 (8th Cir. 1996) (whether facts constitute constitutional violation is abstract issue of law over which this court has jurisdiction).  Looking at the conduct that the district court deemed adequately supported for purposes of summary judgment, see Allison v. Department of Corrections, 94 F.3d 494, 496 (8th Cir. 1996), we must determine whether plaintiffs asserted a violation of a federal right, whether that right was clearly established, and whether a reasonable official in defendants' position would have known that his conduct violated that right, see Heidemann v. Rother, 84 F.3d 1021, 1028 (8th Cir. 1996).

If, as the Frisbys alleged, the evidence tampering resulted in the deprivation of the Frisbys' property, the officers' conduct could amount to a violation of the Frisbys' clearly established due process rights.  Cf. Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996) (inmates entitled to due process for deprivation of money received from outside sources).  Defendants did not show otherwise.  Although it appears that adequate state post-deprivation remedies would satisfy due process, see Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) (post-deprivation remedies adequate when loss is result of random, unauthorized act by state employee); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (Parratt applies to intentional deprivations), defendants have not demonstrated the existence of such a remedy.  Thus, the denial of summary judgment based on qualified immunity was appropriate.

We may not address in this interlocutory appeal appellants' arguments that Crow was not liable in his individual or official capacity, or that the Frisbys' pendent state tort claims should fail.  See Veneklase v. City of Fargo, 78 F.3d 1264, 1270 (8th Cir.) (denial of summary judgment on claim against city for failure to train not appealable on officers' appeal of denial of qualified immunity), cert. denied, 117 S. Ct. 178 (1996); Smith v. Arkansas Dep't of Correction, 103 F.3d 637, 649-50 (8th Cir. 1996) (in appeal from denial of qualified immunity, no jurisdiction to address issues not immediately

appealable unless inextricably intertwined with qualified immunity determination).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.